United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CURTIS ANTHONY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00299 |
| | § | |
| NUECES COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO RETAIN CASE AND DISMISS CERTAIN CLAIMS

Plaintiff Curtis Anthony Jones is a pretrial detainee in the Nueces County Jail. He is appearing *pro se* and *in forma pauperis*. Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 complaining his constitutional rights were violated in connection with his detention at the Nueces County Jail. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

The undersigned recommends the following claims be **RETAINED**: (1) Plaintiff's excessive force claim against Nueces County Jail correctional **officer Corporal Landa**, and (2) Plaintiff's claim for deliberate indifference to his serious medical needs against Nueces County Jail **Sergeant Gutierrez.** It is further recommended that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The

undersigned will order service on Corporal Landa and Sergeant Gutierrez by separate order.

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a pretrial detainee currently housed at the Nueces County Jail in Corpus Christi, Texas.   On December 8, 2021, Plaintiff filed a handwritten letter making unspecified complaints in connection with his pretrial custody at the Nueces County Jail. (D.E. 1).  On December 16, 2021, the undersigned ordered Plaintiff to complete and return to this Court a Prisoner Civil Rights Complaint Form. (D.E. 5).  On December 30, 2021, the Court received a complaint form (D.E. 7) in which Plaintiff named the following defendants: (1) Nueces County; (2) Sgt. Gutierrez; (3) Corporal Landa and (4) 94th District Court Judge Bobby Galvan.

A *Spears*[1] hearing was held on January 27, 2022, where Plaintiff was given an opportunity to explain his claims.  The following allegations were made in Plaintiff's letter complaint (D.E. 1), his Prisoner Civil Rights Complaint Form (D.E. 7) or at the *Spears* hearing.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)*; see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

On July 24, 2021, prior to being incarcerated, Plaintiff was involved in an altercation with another person who struck Plaintiff in the face with a machete.  Plaintiff was sitting on a curb bleeding from his wound when Corpus Christi police officers arrived at the scene.  Plaintiff was arrested in Nueces County and charged with a felony assault.  The officers transported Plaintiff to a local hospital for treatment where he received approximately 14 stitches and medical glue for the wound on his face.  Plaintiff describes the wound as a 3 to5 inch laceration from above his eye to the middle of his nose.  Plaintiff was then transported to a local detention center where he appeared before a magistrate judge.  Plaintiff was subsequently transported to the Nueces County jail the same day.  Plaintiff has remained in custody at the Nueces County Jail on felony assault charges.[2]

Plaintiff was initially detained in a temporary holding cell at the Nueces County Jail.  During this initial period, Plaintiff's wound started bleeding again despite his having received medical treatment and stitches.  Plaintiff alleges he was unsuccessful in his attempts to get the attention of officers so he started banging on his cell.  At least one correctional officer told Plaintiff to stop banging on his cell, however, Plaintiff persisted.  Corporal Landa eventually responded to Plaintiff's cell and, according to Plaintiff, Landa slammed Plaintiff to the ground.  Plaintiff alleges Corporal Landa slammed his face into the ground which resulted in his stitches breaking open.

Plaintiff was then taken to a jail cell for more permanent housing without being taken to the medical department or being provided any medical assistance.  While in this

---

[2] It is unclear to the undersigned whether Plaintiff was denied bail or if he was unable to post bail.

new cell assignment, Plaintiff made several requests to Sergeant Gutierrez to be taken to the medical department for treatment of his wound.  Plaintiff describes his wound as bleeding and seeping and being open to the extent that "you could see the meat inside there."  Plaintiff describes this condition being neglected and untreated over the course of three days.  During this time, Plaintiff reports that medical staff who were delivering medication to other inmates observed Plaintiff and told him he needed to be seen by persons in the medical department.  While not exactly clear, Plaintiff appears to allege he made multiple complaints to Sergeant Gutierrez over the course of several days.  Plaintiff testified Sergeant Gutierrez told him, "Get away from the window. I'll get to you when I can get to you."  Plaintiff further testified he was eventually taken to the medical department for treatment.  It appears Plaintiff's facial wound was fully healed at the time of the *Spears* hearing.

Plaintiff names Judge Galvan as a defendant in this case because of complaints Plaintiff has about the handling of his pending criminal case.  Plaintiff is unhappy with his appointed criminal defense counsel.  Plaintiff further complains that Judge Galvan did not respond to his letters.

Plaintiff also raises a variety of complaints against Nueces County.  For example, Plaintiff is dissatisfied with the resources at the Nueces County Jail inmate law library.  He further alleges the inmate grievance system is flawed and he complains about the inmate mail system.

## III.    LEGAL STANDARDS

When a prisoner seeks to proceed *in forma pauperis*, the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."

*Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.  DISCUSSION

### A.  Excessive Force – Corporal Landa

Plaintiff claims Corporal Landa used excessive force against him. Inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez,* 185 F. App'x 360, 363 (5th Cir. 2006). To state an excessive force claim, a plaintiff must

show the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and the injury he suffered was more than *de minimis* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992). The factors to be considered are: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999).

In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court examined the context of a Fourteenth Amendment excessive force claim and whether "a pretrial detainee must show that the officers were *subjectively* aware that their use of force was unreasonable, or only that the officers' use of that force was *objectively* unreasonable." *Id.* at 391-92 (emphasis in original). The Supreme Court concluded that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Id.* at 397.

In connection with Plaintiff's claim of excessive force, he alleges he needed medical attention and was calling for assistance. He persisted in asking for help, even after he was told to be quiet. He further alleges Corporal Landa slammed him to the ground in a manner that caused Plaintiff's stitches to break open. Plaintiff essentially alleges Corporal Landa used excessive force against Plaintiff to keep him quiet. As alleged by Plaintiff, he has stated a claim for excessive force against Corporal Landa.

## B.  Deliberate Indifference, Denial of Medical Care – Sergeant Gutierrez

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official acted with deliberate indifference to serious medical needs.  *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303  (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  Deliberate indifference encompasses more than mere negligence on the part of prison officials.  It requires prison officials to be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. *Farmer*, 511 U.S. at 837.  In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

The Fifth Circuit has held that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement."  *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). Following *Hare*, the Fifth Circuit further explained that "[w]hen the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate."  *Gibbs v. Grimmette*, 254 F.3d 545, 548

(5th Cir. 2001).  Generally, acts committed with "deliberate indifference" in violation of the Eighth Amendment have both an objective component and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

*Kingsley*, discussed above, potentially casts doubt on the Fifth Circuit's holding in *Hare*.  In *Kingsley*, the Supreme Court examined in the context of a Fourteenth Amendment excessive force claim whether "a pretrial detainee must show that the officers were *subjectively* aware that their use of force was unreasonable, or only that the officers' use of that force was *objectively* unreasonable."  *Id.* at 391-92 (emphasis in original).  The Supreme Court concluded that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one."  *Id.* at 397.  The Fifth Circuit nevertheless has held post-*Kingsley* that pretrial detainees must prove subjective deliberate indifference by prison officials to succeed on a failure-to-protect claim.  *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017).  Whether *Kingsley* applies to a pretrial detainee's claims of medical deliberate indifference need not be decided at this stage of the case.

Plaintiff has alleged a deliberate indifference claim against Sergeant Gutierrez.  He alleges that he had a 3 to 5 inch gash on his face from being struck with a machete.  He further alleges that after being treated medically, the use of force by another correctional officer caused his stitches to break and left the wound gaping, bleeding, seeping, and open to the extent that "you could see the meat inside."  The location and extent of the wound was unmistakable to anyone who encountered Plaintiff.  Even Nueces County Jail medical

personnel who were distributing pills told Plaintiff he needed to be seen by the medical department.   Plaintiff alleges that on multiple occasions over the course of a three-day period he personally requested Sergeant Gutierrez to have him taken to the medical department for treatment of his wound.  Sergeant Gutierrez is alleged to have told Plaintiff to get away from the window and she would get to him when she could get to him.  As alleged by Plaintiff, he had to wait three days to receive medical treatment.  The allegation is that Sergeant Gutierrez was personally aware of Plaintiff's serious medical condition and deliberately failed to act.  Plaintiff has stated a deliberate indifference claim against Sergeant Martinez.

### C.  Plaintiff's Claims Against Judge Galvan

Plaintiff complains about Judge Galvan's handling of his criminal case.  Plaintiff simply has not alleged Judge Galvan has done anything amounting to an actionable 1983 claim.  Additionally, while finding no constitutional infirmities, to the extent there may have been deficiencies in protecting Plaintiff's right to counsel or right to access to the courts, Judge Galvan is immune.  *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) (noting that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action"). Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in exercise of their judicial functions.  *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993).  The alleged magnitude of the judge's alleged errors or the mendacity of his acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991).  Judicial immunity can be overcome only

by showing that the actions complained of were non-judicial in nature or by showing the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge's actions are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 11 (internal quotation omitted).

Here, Plaintiff does not complain of any actions taken by Judge Galvan that were non-judicial in nature. Plaintiff complains only of Judge Galvan's conduct as it concerns his role as the official presiding over Plaintiff's criminal trial. Thus, it is respectfully recommended that Plaintiff's claims against Judge Galvan be dismissed with prejudice as frivolous, for failure to state a claim, and because Judge Galvan is immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### D. Municipal Liability – Nueces County

Plaintiff names Nueces County as a defendant because he is dissatisfied with some of the conditions and procedures in the Nueces County Jail. Plaintiff raises a variety of complaints against Nueces County. Plaintiff is dissatisfied with the resources at the inmate law library, he believes the inmate grievance system is flawed and he complains about the inmate mail system.

Plaintiff's claims against Nueces County could be construed as an allegation he has been denied access to the courts. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather

11 / 16

the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones*, 188 F.3d at 325 (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). To properly state a claim of denial of access to the courts, a plaintiff must demonstrate "that his position as a litigant was prejudiced..." by the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996) (citing *Walker v. Navarro Cty. Jail,* 4 F.3d 410, 413 (5th Cir. 1993)); *Brinson v. McKeeman,* 992 F. Supp. 897, 911 (W.D. Tex. 1997) (finding plaintiff's access claim inadequate because he alleged no specific facts sufficient to raise an arguable basis to show he suffered prejudice as a result of the defendant's conduct). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

Plaintiff has not alleged any injury or prejudice traceable to any aspect of his confinement at the Nueces County Jail. Plaintiff is represented by counsel in his criminal case. Therefore, Plaintiff's constitutional and procedural rights in his criminal case are protected by having appointed defense counsel. While Plaintiff has generally complained about the inmate mail at the Nueces County Jail, he has not shown any prejudice. Further, in the present case Plaintiff has shown he has the ability to receive and send mail to this

Court.  He has also appropriately responded to Court orders.  None of Plaintiff's complaints about the inmate law library or mail rise to a constitutional violation.

Considering Plaintiff's allegations concerning the Nueces County Jail inmate grievance system, they also fail to state a cognizable constitutional claim.  *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir.  2007) (holding the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Plaintiff has not specifically alleged that he sues Nueces County because of, or in connection with, the claims he has against Corporal Landa and Sergeant Gutierrez. However, to the extent his allegations could be construed as a claim against the county for the actions of these officers, such claims lack merit and should be dismissed.   A municipality such as Nueces County will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from a municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978); *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate

action attributable to the municipality that is the direct cause of the alleged constitutional violation).

Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

In this case, Plaintiff fails to allege or to suggest that an official policy or custom of Nueces County promoted, encouraged, or authorized either Corpora Landa or Sergeant Gutierrez or any other officer to violate Plaintiff's constitutional rights. Plaintiff's claims arise out of isolated and separate incidents involving allegations of excessive force and deliberate indifference. Nothing in the facts presented indicates Nueces County had any policy or practice which would give rise to a claim under *Monell*.

14 / 16

**V.      CONCLUSION**

For the foregoing reasons the undersigned recommends Plaintiff's excessive force claim against **Corporal Landa** and his deliberate indifference claim against **Sergeant Gutierrez** be **RETAINED**.  It is further recommended that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

Respectfully submitted on February 22, 2022.

Jason B. Libby
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).