United States District Court
Southern District of Texas
**ENTERED**
January 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CURTIS ANTHONY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00299 |
| | § | |
| NUECES COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Curtis Jones filed this prisoner civil rights action as a pretrial detainee pursuant to 42 U.S.C. § 1983 on or about December 8, 2021. (D.E. 1). After screening, the Court retained Plaintiff's claims of excessive force and deliberate indifference against two Nueces County Jail correctional officers, dismissing the remaining claims for failure to state a claim and/or as frivolous. (D.E. 14 and D.E. 18). An order setting deadlines was entered on April 18, 2022, including a September 1, 2022 discovery deadline. (D.E. 24). Further, the dispositive motions deadline was set for October 7, 2022 and the parties were advised any responses to dispositive motions were due thirty days after the filing of the opposing party's dispositive motion. (D.E. 24). The last filing from Plaintiff on the Court's docket is a May 26, 2022 Notice of Change of Address and the address was updated accordingly. (D.E. 29). The Notice further advised that "all my charges have been

drop[ped]" but that Plaintiff still wished to pursue his claims against the two officers. (D.E. 29).

On October 7, 2022, Defendants filed a Motion for Summary Judgment to which Plaintiff did not respond. (D.E. 31). On January 17, 2023, Defendants filed a Motion to Compel Discovery to which Plaintiff has not responded. (D.E. 33). Defendants assert Plaintiff failed to respond to any discovery requests and that attempts to reach Plaintiff at his updated address and telephone number have been unsuccessful. (D.E. 33). Also on January 17, 2023, Defendants filed a Motion to Dismiss asserting Plaintiff has failed to prosecute this case. (D.E. 34). Plaintiff has not responded.

The undersigned entered an Order on January 18, 2023, noting Defendants' assertion that they have been unable to communicate with Plaintiff since May 26, 2022 and cautioning Plaintiff that he must comply with the Federal Rules of Civil Procedure and the local rules of this Court by responding to discovery requests and participating in the discovery process. (D.E. 35). Plaintiff was further cautioned that if he failed to prosecute this case, participate in discovery or comply with Court orders, his case would be dismissed. (D.E. 35). Plaintiff was also ordered to file written responses to Defendants' Motion to Compel Discovery and Motion to Dismiss for Failure to Prosecute on or before January 27, 2023, explaining and showing cause why this case should not be dismissed. (D.E. 35). To date, Plaintiff has not responded and the Order was not returned as undeliverable.

Therefore, it is respectfully recommended that Plaintiff's case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the inherent authority to *sua sponte* dismiss a cause of action for failure to prosecute or failure to comply with any court order).

ORDERED on January 31, 2023.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).